IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No.: 21-CR-070-JDP

ADRIAN EDWARDS,

Defendant.

## PLEA AGREEMENT

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 3 of the indictment. This count charges a violation of Title 18, United States Code, Section 1594(c), which carries maximum penalties of life years in prison and a $250,000 fine, at least a 5-year period of supervised release and up to life, a $100 special assessment, a $5,000 additional special assessment pursuant to 18 U.S.C. § 3014, registration as a sex offender under the Sex Offender Registration and Notification Act, and the entry of an appropriate restitution order. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United

States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **AGREEMENT ON SENTENCE:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and based on an individualized assessment of the defendant and the factors set forth in 18 U.S.C. § 3553(a), the parties agree that a sentencing range of at least six and no more than eleven years in prison, is the appropriate disposition of this case. Other than this limitation, the parties are free to argue for any sentence. The parties understand that if the Court accepts this plea agreement, the Court will be bound by the recommendation to sentence the defendant to at least six and no more than eleven years in prison. If the Court rejects the plea agreement, the defendant may withdraw his plea.

6. **APPELLATE RIGHTS WAIVER:** The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment of 12 years or less, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

7. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On February 2, 2021, Middleton Police were called to Staybridge Suites in Middleton, Wisconsin, after a guest overstayed their reservation and hotel employees suspected human trafficking. When officers arrived, they found a juvenile female alone in room 307. The female was identified as a missing juvenile from Utah born in July 2004 (identified in the indictment as Jane Doe 1). Officers found a duffle bag in the room with men's clothing and mail addressed to the defendant, Adrian Edwards. When interviewed, the female stated that she was staying in the room with a person she knew as "Dad," and later stated she knew his name was Adrian because she saw it on his driver's license.

Jane Doe 1 would testify that the defendant bought her an Amtrack train ticket from Utah to Osceola, Iowa, where he picked her up and brought her back to Wisconsin. Amtrack records confirm that the victim took a train from Utah on January 13, 2021, arriving in Osceola, Iowa on January 14, 2021. When she arrived in Wisconsin, the defendant took pictures of her to post on an escort website, where she then engaged in commercial sex acts for him during the time charged in the indictment. Ads from

2

Skip the Games for commercial sex include pictures of Jane Doe 1 with the defendant's phone number as the contact. Text messages between the defendant and Jane Doe 1 include the following:

1/20/21: Defendant to Jane Doe 1: Are you awake...somebody coming to see you. 175 coming." The defendant and Jane Doe 1 then argue back and forth about why he isn't there with her and that the man at door has a bag which makes her nervous. The defendant says the guy is a regular.

1/21/21: Defendant to Jane Doe 1: "if he cum times up. One condom" Jane Doe 1 says he brought his own and asks the defendant if it is extra for anal and said he already came once. The defendant replies "one hour anal $400. If he cum get more money or he has to go"

Jane Doe 1 would testify that she stayed in hotels in Madison and Middleton. Cell tower records for the defendant's phone and GPS data from the victim's phone corroborate the travel between Wisconsin and Iowa, and locations near hotels in Madison and Middleton during the time charged in the indictment. The investigation revealed that two different males rented the room in Middleton, one on January 31, 2021 and the other, codefendant Jason Jordan, on February 1, 2021. Video surveillance from the hotel shows the defendant in the lobby with the individual renting the room on January 31, 2021.

Pertaining to Count 3 of the indictment, Jane Doe 1 would testify that codefendant Jason Jordan transported her and rented hotel rooms for her and the defendant at the direction of the defendant. She would testify that Jordan was present at the Baymont Hotel in Madison with her for one night when the defendant was out of town. Law enforcement also retrieved hotel records from the Baymont showing a room rented in Jordan's name for the night of January 20, 2021. The investigation further revealed the individual that rented the room at Staybridge Suites on January 31, 2021, also rented rooms at several other hotels in the Madison during the time alleged in the indictment for the defendant and where Jane Doe 1 performed commercial sex acts.

Both the defendant and Jordan were with the minor for an extended time and had a reasonable opportunity to observe her. The interstate nexus element of this crime includes the use of hotels, cellular telephones, and the internet.

Middleton and Madison, Wisconsin are in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

8. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the

Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

9. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining counts of the indictment, both of which carry mandatory minimum penalties of 10 years in prison, at sentencing.

10. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before June 7, 2023.

11. **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The defendant understands and agrees that restitution in this case is governed by 18 U.S.C. § 1593. The parties will agree upon the exact restitution figure before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

12. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all

financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

13. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

14. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

15. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

_6/7/23_                By: _[signature]_
Date                    LAURA A. PRZYBYLINSKI FINN
                        First Assistant United States Attorney

_6/7/23_                _[signature]_
Date                    MARK P. MACIOLEK
                        Attorney for the Defendant

_6-7-23_                _[signature]_
Date                    ADRIAN EDWARDS
                        Defendant

5

## ACKNOWLEDGEMENTS

I, Adrian Edwards, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

6-7-23
Date

ADRIAN EDWARDS
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

6/7/23
Date

MARK P. MACIOLEK
Attorney for Defendant