IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    v.                                                                               Case No.:  21-cr-70-jdp

ADRIAN EDWARDS,

             Defendant.

UNITED STATES' SENTENCING MEMORANDUM

During a two-week period in January 2021, Adrian Edwards trafficked a 16 year old girl that he transported from Utah to Wisconsin.  At the time, he was 38 years old.  Edwards begins his allocution letter to the Court by stating that he fully accepts responsibility for his actions.  It is unclear from the 3-page letter what actions he is actually referring to, and seems unlikely he means trafficking the victim in this federal case.

Edwards says "I really feel bad about the tragic circumstances" the victim has dealt with throughout her life, at the hands of family members and being homeless on the street.  (R. 109, p. 3). Notably, all of these things happened before the defendant met her.  As to his involvement with the victim, he explains that his only choice was to leave her stranded, or help her build up the funds to help "her struggles she was facing." (Id.). He conveniently omits the fact that she wasn't stranded until Edwards transported her to Wisconsin.  Edwards is the one who bought her a train ticket to Iowa, picked her

up and brought her to Wisconsin, and immediately trafficked her and kept most of the money.  (PSR ¶¶ 20 – 24, 33).  That is not the kind of "help" she needed.

Edwards attempts to direct blame at the victim, complaining that the victim lied to him about being 19 years old and that even though that was young, he found her "personality was represented as much older." (Id.).  Edwards asserts it was his worst nightmare to find out how young she was and that he was "very shocked." (Id.).  That is hard to believe given the time he spent with her and the fact that he has three daughters of his own.[1]

The bottom line is that Edwards victimized a vulnerable teenager to make money for himself.  The conversations between them confirm that Edwards was in control of the trafficking and that he kept the bulk of the money the victim made.  (PSR ¶¶ 25-38).  He created the ads, set the prices, used his drug customers to rent the hotels and transport the victim, and arranged the encounters. (Id.).  As stated in the addendum to the PSR, these facts also support the enhancement under USSG § 2G1.3(b)(2)(B).

Finally, in anticipation of an argument that the victim only wants the defendant to "get help" and be ordered "anger management classes," the United States makes the following points. (R. 109, pp. 30-31).  The wishes or suggestions of a victim are important at a sentencing, but they cannot supplant the Court's ability to sentence on the totality of the circumstances. This Court is in a position to understand the criminal

---

[1] The addendum to the PSR suggests that if the defendant is denying that he knew the victim was a minor when he trafficked her, more evidence may be necessary to uphold the charge. However, because Edwards acknowledged in his plea agreement that had a reasonable opportunity to observe the victim, further proof is unnecessary. 18 U.S.C. § 1591(c).

justice system in a way that we cannot ask or expect of an 18 year old. The Court is poised to fashion a sentence that takes not just this victim's safety into consideration, but also the safety of future victims. Furthermore, a victim's thoughts on a sentence towards their offender should not be a reflection on the seriousness of the crime or the level of trauma that they were subjected to, especially in a case such as this one where the victim was a vulnerable minor. The defendant picked this victim for the same reasons that she, and other minors, must be protected – she was vulnerable, naïve to the scheme he was plotting, and trusting to her detriment.

The defendant's advisory guideline imprisonment range is 130 to 162 months. Pursuant to Rule 11(c)(1)(C), if the Court accepts the plea agreement, it is bound to sentence the defendant to a term of imprisonment between 72 and 132 months. As detailed in the PSR, the defendant's lengthy criminal history and his conduct in this case warrants a sentence of 132 months.

Dated this 8th day of November 2023.

                              Respectfully submitted,

                              TIMOTHY M. O'SHEA
                              United States Attorney

By:       /s/
                              LAURA A. PRZYBYLINSKI FINN
                              KATHRYN E. GINSBERG
                              Assistant United States Attorneys